Parsons, C. J.
From the facts stated in this case, two questions arise.
1. Whether the plaintiff’s execution, recorded in the registry for Hoplcinton lands, and not in the county registry, can give him any title to the lands demanded, which, it appears from the declaration, are situate in Hoplcinton; for he has no title but what he derives under that execution.
2. When his attachment was made, the lands were encumbered to their full value; and four days after the attachment, the plaintiff assisted in the transaction stated in the case, by which the prior encumbrance was removed, and the demanded premises, bona fide and for a valuable consideration, sold by the judgment debtor to Goddard (whose estate the present defendant has), as free of encumbrances ; whether at this time his not disclosing his attachment, but assisting in the transaction, was such a fraud upon Goddard,, as shall, at law, defeat his attachment.
As to the first question. By the general statute of 1783, c. 57, March 17, that the judgment creditor may have a good title to lands on which his execution has been extended, the execution must, with the doings thereon, be returned into the clerk’s office, and before or after such return, and within three months, be recorded in the registry of deeds in the county where the lands lay. • The plaintiff’s execution not * being thus recorded, he [ * 316 ] can derive no title under it by virtue of this statute. But as the lands lay in Hoplcinton, he relies on a provincial statute passed the 15 G. 2, c. 8. This statute provides that a register shall be appointed to record all conveyances before that made by the trustees, with the mesne conveyances down to the tenants .then in possession; and further, that after the 26th of April then next, no conveyance of those lands shall be good to hold the same against any other persons but the grantors or their heirs, unless the deed thereof be recorded by the register aforesaid. The plaintiff contends that a title by execution is a title by conveyance, and is within the equity of this statute.
That an extent of an execution on land is a conveyance of land, there can be no doubt; but is it such a conveyance as is manifestly within the intent of this statute ? Certainly it is not. The conveyances here intended are conveyances by deed; the statute speaks of the grantors and their heirs, and provides that they only shall be \ound by the conveyance, unless the deed be recorded. And, what *278 seems to place this construction beyond doubt, no time is limited for recording these conveyances; thus, if executions are included, they may be recorded at any time, and yet executions levied on other lands must be recorded within three months from the levy. It is therefore very clear to my mind, upon the first question, that the plaintiff has no title to the demanded premises; that the verdict must be set aside, and a general verdict be entered for the defendant.
As to the second question, I am satisfied that, were we sitting here as a Court of Chancery, with all the equitable powers of that court, we ought to set aside the plaintiff’s attachment, on account of his fraudulent concealment of it disclosed in the case. But as the justice of this case can be attained by the determination of the first question, it is not necessary to decide this point, when sitting as a court of law.
The other judges concurring in the opinion of the chief justice, the verdict was set aside, and a verdict for the defendant entered.