Wilde J.
delivered the opinion of the Court. Upon the facts stated in the bill, and admitted by the answer, the plaintiff’s right to redeem the mortgaged premises as prayed for, is well maintained, unless he is barred by the matters relied on by way of defence. Each party derives his title under one Joseph Belknap, the defendant being the assignee of a mortgage made by him to' one Elizabeth Price, and the plaintiff claiming under a subsequent mortgage.
The first ground of defence set up is, that after the deed from Belknap to the plaintiff, he the said Belknap sold and conveyed the same premises to one Lawson Valentine, who afterwards conveyed the same to the defendant; that this deed to Lawson Valentine was duly recorded before the deed to the plaintiff, and that he the said Lawson, at the time of his purchase, had no knowledge of the prior deed to the plaintiff. There is no evidence of his having any such knowledge, but the plaintiff’s counsel contend, that if the defendant knew of the prior deed to the plaintiff, when he purchased of Lawson, that would vitiate the conveyance. This position, we think, cannot be maintained. If Lawson Valentine was an innocent purchaser without notice of the prior conveyance, he must have the power of alienation, and it cannot be material to the plaintiff whether he conveys his right or not. If the defendant *45 could not defend himself under this deed, he could recover the land n the name of Lawson Valentine ; so that there seems no good reason on which this objection can be sustained. We have not however found it necessary to examine this point of defence with much attention, because we think the second objection to the plaintiff’s claim is well maintained by the evidence, and is decisive.
The defendant states in his answer, “ that before he received the deed of assignment from Lawson Valentine, he applied to the plaintiff to induce him to purchase of Lawson, and that the plaintiff refused to purchase, or to pay any thing towards redeeming the mortgage to Elizabeth Price ; and that he urged the defendant to purchase in said mortgage, and assured him that if he would purchase, he the said Fay would never re deem the same, as he considered the land not to be worth more than the amount due on the mortgage. The answer further avers, that the defendant, confiding in the plaintiff’s assurances, did make the purchase, and did afterwards build and erect a dwellinghouse on one of the tracts mortgaged, at a great cost and expense, and did otherwise greatly improve and increase the value of the premises before the plaintiff notified him of his intention to redeem the premises ; that the defendant kept no account of these expenditures, relying upon the plaintiff’s assurances that he should not redeem, and that it would never therefore be necessary to state an account; and that by reason of loss of papers and memoranda consumed and destroyed by fire, in the burning of his dwelling-house, he is now unable to render an account correctly and fully.”
These facts appear to us to be substantially proved by the evidence, and to amount to a good equitable defence. The assurances made by the plaintiff that he would not redeem, are fully proved by the testimony of Joseph Belknap and Nathaniel Parker, and we can perceive nothing in their narration of facts which is incredible or improbable. Considering then these assurances as satisfactorily proved, we are of opinion, that the plaintiff is bound by them in this suit. It is objected that the interest of a mortgagee can neither be transferred nor relinquished by parol. Most certainly it cannot, but no party, *46 whatever may he his interests or legal rights, can have relief ™ a court of equity, unless his claim is founded on the basis of good faith and justice. It is a familiar rule, that he who seeks equity must do equity. He must not expect the aid of a court of equity to sanction the violation of his engagements, although there may be no legal means to enforce them. Nor will he be allowed to profit by the mistakes of another, caused by his own misrepresentation or concealment. Nor ran he be allowed to set up the statute of frauds for the purpose of protecting fraud. Rob. On Frauds, 130. It is on this ground, that specific performance of parol contracts within the statute of frauds is decreed, where there has been a part-performance. The same principle is maintained through all the authorities.
In the case of Mocatta v. Murgatroyd, 1 P. Wms. 394, Lord Cowper decided, that a prior mortgage should be postponed to a subsequent one, merely on the proof that the prioi mortgagee was a witness to the subsequent mortgage. So far as this case goes to impute notice to a witness of the contents of a deed merely from his attestation, it must be considered as very properly overruled by Lord Hardwicke., in the case of Welford v. Beezely, 1 Ves. sen. 6, and again by Lord Thurlow, in Beckett v. Cordley, 1 Bro. C. C. 357. But in none of these cases was it doubted, that if a mortgagee has actual knowledge of the contents of a subsequent mortgage, and nevertheless stands by, and witnesses the execution of the second mortgage without disclosing his prior incumbrance, this would be such a fraud in him as would authorize a court of equity to postpone such prior incumbrance, so as to let in the subsequent mortgage.'
So a mother who, being absolute owner of a term, was present at a treaty of marriage of her son, and heard him declare that the term was to come to him on her death, and did not disclose her true interest, was compelled to make good the settlement, and to settle the reversion accordingly after her death. Hunsden v. Cheyney, 2 Vern. 150.
And in the case of Hanning v. Ferrers, 1 Eq. Cas. Abr. 357, the facts were, that the first son of a tenant for life, who was entitled to a remainder in tail on the death of his father, *47 and who knew that the estate was entailed, nevertheless encouraged a person to take a lease from the father for thirty years, and to lay out considerable sums of money in new buildings and improvements, in order to reap the advantage thereof if he should survive his father. It was decided that this was such a fraud as ought to be discountenanced in a court of equity ; and it was accordingly decreed, that the lessee should not be disturbed for the residue of the term that remained unexpired after the father’s death.
So in the case of Hobbs v. Norton, 1 Vern. 135, it appeared that the defendant was issue in tail under a settlement, and that he encouraged the plaintiff to purchase an annuity of the younger son given by the father’s will, though it did not appear that the defendant had any notice of the settlement at the time when he encouraged the plaintiff to proceed in the purchase ; yet it was decreed that the annuity should be confirmed to the plaintiff, merely on the encouragement given. And in Raw v. Pote, 2 Vern. 239 and Free. Chan. 35, a widow, who had a jointure settled on her for life by her husband, was relieved against an entail fraudulently concealed, and then set up against her by the defendant, who was privy to the entail, and who engrossed the jointure deed in her favor.
In Peter v. Russell, 2 Vern. 726, it was decided, that if a mortgagee of a leasehold estate lends the original lease to the mortgager, for the purpose of enabling him to take up more money, which is accordingly done, and he executes a second mortgage, the first mortgage should be postponed to the second, it being considered that the first mortgagee was accessory to the fraud. Otherwise if he was not privy to the subsequent loan, but innocently lent the lease to the mortgager.
So where a man who has a title and knows it, stands by, and either encourages another to purchase, or does not disclose his title, he will not be allowed in a court of equity to set up his claim against the purchaser. Savage v. Foster, 9 Mod. 35 ; Niven v. Belknap, 2 Johns. R. 573 ; Evans v. Bicknell, 6 Ves. 190 ; Bac. Abr. Fraud, B. A similar principle is recognised by Parsons C. J. in the case of Foster v. Briggs, 3 Mass. R. 313.
*48 Cases and authorities might be multiplied, but it is quite needless. No principle can be better established, than that on which we decide this case. If the plaintiff encouraged the defendant to purchase, promising him not to redeem the first mortgage, as we think the evidence proves he did, it would be manifestly against equity to allow him now to violate his engagements, to the prejudice of the defendant.

Bill dismissed.