Reese, J.
delivered the opinion of the court.
It seems from the record in this case, that a certain Gideon Morgan, sen. in 1821, was owner in fee, and possessed of lot No. 39, in the town of Kingston, upon which is a brick dwelling house &c., which he conveyed to a person called Edmond T. Morgan, who occupied the same for sometime, and departed this life; s fter which the said Gideon Morgan was in possession of the lot, rented it out, and received the rents, and continued to exercise over it acts of ownership until his death. After his death, his widow continued the possession by her tenants for many years, receiving the rents and exercising acis of ownership, until her marriage with defendant, Black, in whom the possession continued until the 9th of June, 1835, when it was taken by Childresii and Wiley. For some time before that period, there had^been no tenant occupying the premfee'S, but the house was kept locked up, *319 and Black retained the key. On the 5th of June, 1835, Chil-dress and Wiley procured a deed from a certain Daniel and his Wife, the latter of whom had been the widow of the person called Edmond T. Morgan, and had survived the only child of the said Edmond.
On the 9th of June, 1835, Childress and Wiley, told Bird, (a witness) that they had bought the lot aforesaid and were going to fake possession of the house, and asked witness to accompany them, saying they had the original key.
He went with them, but does not know whether they used the key to open the door, but they opened the door and went in. Black shortly after came to the house, Childress stood in the porch with Black; and Wiley in the door with his pocket knife in his hand. Black told them to go peaceably out of his house. They told him it was their property, and they would hold the possession unless taken from them by better title. Childress took witness into a backroom, said Black was very hot or angry, and it was possible, would use violence to take the possession., and asked if witness had arms. Witness gave his opinion that Black had none, and would not use violence. Bailey, a witness, proved that Wiley, speaking to him of the above mentioned interview with Black at the door of the house, said, that he had the possession, and was determined on keeping it; that he had no property within the house, and knew if Black had entered the ’house, he would have had possession as much as he had.
In the proceeding of forcible entry and detainer, a judgment of restitution was given against Childress and Wiley, in favor of Black and wife, and they filed their petition, for a certiorari, to which they annex as a part of the petition, a copy of the entire proceedings and proof before the jury and justices. In the circuit court a rule was granted the plaintiff, to dismiss the certiorari, which on argument was made absolute, and the court refused on the motion of Wiley and Childress to quash the proceedings before the justices. They bring the cause here, and two material questions arise; first, do the facts and circumstances in proof upon the record and the truth of which is not controverted, but admitted in the petition of the plaintiffs in error, constitute a case of forcible entry and detainer. *320 within the provisions and meaning of the act of 1821, c. 14? it they do, ought the circuit court to have retained the petition upon the ground that the verdict, judgment or other proceeding before the jury and justices, may have been defecj tive, and not pursuant to the requisitions of the statute.
As to the first question, whether the defendants below,- as shown by the record were guilty of forcible entry and detain-er, we entertain no doubt. To constitute this offence, it is not necessary that violence and outrage upon person or property should in fact be resorted to. If the actual possession of another, in a house or tenement be invaded, taken, and held under circumstances to show that it will not be surrendered without a breach of the peace on the one side or the other; this constitutes a case of forcible entry and detainer. The statute was intended to prevent bloodshed, violence and-breaches of the peace, too likely to arise from wrongful intrusion into the possession of another, and to give a right to restitution under the statute; it is not so absurd as to require actual bloodshed and violence, and frequent breaches of the peace in the acquisition or retention of the possession. This point was fully considered and determined at the last term of this-court at Nashville, in the case of Philips and -- — , where the possession invaded, was very much of the same character with that before the court, and the authorities in that case referred to, establish that the courts of other states in the construction of similar statutes, have taken a like view of the subject.
2nd. -The next question is, if the petition of the defendants upon the face of it, and by reference to the record of the proceedings, show them to have been guilty of a forcible entry and detainer, will it not be the duty of the court to dismiss the petition, although the proceedings before the justices are informal or defective, or not conformable to the statute! And we answer it will bé the duty of the court to dismiss the petition. If the defendants appear from their own showing to be guilty and liable to restore the possession, why retain it in court? What injury will they suffer? Will it be said they will have to restore the possession without having rendered against them a proper and sufficient verdict and judgment. *321 This if it involves loss to them, involves no injury. Why should they seek to have made against them a more formal and - less defective judgment, when upon the facts, upon the justice and merits of the case¿ according to their own showing, no wrong has been done them? Can they not surrender a possession, which' they show they ought to surrender, as well upon! these proceedings, as upon proceedings less defective to be had in court; They could not quash the proceedings and escape from a trial in court. They could not bring up the cause merely as a writ of error, for the act of 1833, c. 79, provides that no cause of forcible entry arid détainér &c., shall be dismissed for any error whatever in the proceedings before the justices, and it shall stand for trial on the merits at the first term of the court, but if the court shall be of opinion on the’ motion of the plaintiff or defendant, that the complaint required by the existing law to be made before the justice, or the precept issuing thereon, or any proceedings in the cause be defective, or any matter or thing pertaining to said cause be wanting, such court shall order the same to be amended, of supplied, upon such terms as may be thought equitable and just. As therefore, the defects insisted on, could not avail the defendants below, and they having shown a want of merits, we think the petition was properly dismissed, and therefore affirm the judgment of the circuit court.
Judgment affirmed.