Green J.
delivered the opinion of the court.
In this cause several objections are taken to the proceedings of the plaintiff in error. First, it appears from the complaint, upon which the warrant for the forcible entry and detainer issued, that Lumbrick, who was plaintiff below, and one Bowden, were tenants in common of the mill, which it was charged had been forcibly entered and detained. It is therefore insisted that. Bowden ought to have been joined in the suit.
This objection cannot be sustained. Any one tenant in common, may sue, though his co-tenants do not join in the action. And this may be done, either in ejectment or in forcible entry and detainer. Lumbrick had been put out of possession, and he might well maintain his action to regain it, without joining his co-tenant Bowden, — actions for personal property must be in the names of all the joint owners — but not so in real actions.
2. It is next insisted, that the camplaint is not suffi. ciently descriptive of the estate of the plaintiff in the premises. The act of 1821, c. 14, § 7, requires the complaint to specify the lands, &c. forcibly entered and detained, and the estate of the plaintiff therein. The 4th section of the same act, gives the remedy provided by the act, in all cases, where the party complaining, has any estate, whether of freehold, or less than freehold. It cannot be material, therefore, in specifying the estate of the plaintiff, that it should be described with technical accuracy. True, it must be shown he has some estate; otherwise it will not appear that the entry was made injuriously to any one, 3 Bac. 256. But it is sufficient to set forth an estate within the statute, without describing the particular estate, 3 Bac. 257. Now the complaint. *12 in the present case, states, that the house, forcibly entered, “is situated upon a parcel of land sold by a decree of the chancery court of Henry, and bought by Robert Hays, and bought of him by Jno. R. Moore, Jno. Clayton and William Lyon, and of them purchased by your complainant, and one Benj T. Bowden.” This specification of the estate, or tide by which he claims the land, necessarily describes an estate that would be liable to sale by a decree of the court of chancery, — and as the plaintiff traces his title under such decree, it follows that he has an estate the statute will protect.
3. It is. next insisted that the evidence does not show a case of forcible entry. We think it does. The defendants came to the. mill, forbade the party in possession from grinding, or in any way using the mill, ordered him away, and in an angry manner told him, if he raised a gate, or touched any thing in the mill, he should s.uffer for it. To constitute a forcible entry under the statute, it is not necessary that violence and outrage upon person or property b.e resorted to, but if such acts are. done, as show a breach of the peace may reasonably be apprehended, it is a forcible entry; Childress & Wyley vs. Black & Wife, 9 Yerg. 317. We think the facts above reci-. ted, from this, record, constitute such a case.
4. The next question is, whether a continuance ought to have, been .granted. Upon this application there are tyro affidavits,. The one sets, forth, that there was pending another action of forcible entry and detainer for the same land. But th.e plaintiff having released, of record, all other actions of forcible entry and detainer, the court refused to continue the cause. In this there is no error. If there was another suit pending for the same cause of action, this release might have been pleaded as an effectual defence.
The other affidavit states, that a witness who h,a.d been summoned, was not at home, and unable to attend, and that by him the defendant expected to prove, that another of his witnesses had a good character. This was not sufficient ground for a continuance. The affidavit does not state, that there were not others, whose attendance could have been procured, by whom he could sustain his witness. In the nature of things this must have been so; if indeed, the witness’ character was *13 good, — for he could only enquire into his general character; and general character consists of the opinion generally entertained of a party by his acquaintances — and therefore could have been proven by many witnesses.
1. Note — On the subject of the plea of the Pendency of a ‘prior suit, for the same cause, see the rules and distinctions dearly slated in Gould on Plead. ing, chapter 5, $ 122 to 1£1.
2. Note — The remedy provided by the act of 1822, c. 14, was designed to protect the right to the use, enjoyment or occupation of lands, tenements or other possessions, [1] without reference to the ultimate right of property therein [2] from that class of injuries, which, in that act, and in those ancient English statutes from which it was complied, [3] are denoininated-r-
l. Forcible entry and detainer. Where the defendant enters upon and into premises, actually adversely held, [4], and. detains them by any Kindof violence what ever, done with force, strong hand, or weapons, to the tenants’s. House, Person, ^Goods, f By breaking open the doors, win-' j dows,, or other parts thereof, I whether any person be in it or [ not. [5]. {By threatening to kill, maim, or beat him, or By such words, circumstances or actions as have a natural tendency to excite fear or apprehension of danger. [6]. ÍBy putting them out of doors, or By carrying them away* . § 2, first clause. 2. Forcible detainer. Where the defendant enters peaceably, and then • turns the tenant out of possession. fBy force, or By frightening him With threats, or I V- $ 2, last Other circum- clause, stances of terror J (Unlawfully and By any of the means mentioned in the case of forcible entry and detainer. §3 4. Urilavful detain-er. Wh^rethe defendant enters by contract, for a definite period, [7]. As a tenant, or By a tenant, by assignment of the term, or From a tenant, by personal representation, or Under a tenant, by subtenancy, o,r By collusion with a tenant, And in either case, holds over■ wilfully and with out force, [8], after demand of the possession, [9], and written notice, 10, ■ from the landlord or the assignee of the remainder or reversion to deliver the same. 55
The action is commenced by a complaint in writing, addressed to a justice of the’ peace for the county in which the premises lie, signed by the party grieved, his agent or attorney,, specifying?—
1. The lands, tenements or other possessions, in reference to. which the injury has been done, [12].
2. The specific injury complained of, as forcible entry and detainer, or forcible detainer, &c.
3. By whom and when done.
Upon the whole, there is no errer in the record, and the judgment must be affirmed.
4.The plaintiffs estate therein, [13].
And praying for the redress provided by the act of Assemblj%
A summons to appear is thereupon issued to the defendant, which must be served upon him six days before the day of appearance, [14].
If he appear, he may plead, “not guilty,” or if the fact be so, “that he hath had the uninterrupted occupation, or been in the quiet possession of the premises, for the space of three years together, immediately preceeding the complaint:” if the defendant fail to appear, the justices proceed as if he had appeared and pleaded, “notguilty,” [15].
The issue is tried before two justices, of whom one must be the justice who issued the process, and who is to keep the record of the proceedings, which record is to be signed by all the justices trying the dispute, [16] — and a jury of twelve elected oi^t of a panel of twenty summoned by the sheriff, who may fill it out of the by-standers, if those summoned, or any of them, do not attend, or the panel, by challenges, of which each party has four peremptory, or otherwise should b.e deficient, [17],
If the defendant be found guilty, or his plea of possession be found against him, thejustices enter a judgment and award a writ of restitution. But the writ does not issue till after the expiration of twenty days from the judgment, which period is allowed the defendant to remove the proceedings into the circuit court» by certiorari, [18], in the petition for which, the merits only need be stated, and on the hearing of which there is a new trial of the facts, [19].