## KIRKMAN *v.* BROWN.

### (*Nashville.* March 3, 1894.)

1. STATUTE OF LIMITATIONS. *Accidental inclosure and occupation of land not adverse to owner.*

 Accidental and unintentional inclosure and occupation of land for the term of seven or more years does not affect the rights of the true owner or invest the possessor with any right whatever to the land or to its possession. To invest the possessor with title or a possessory right, his possession must have been taken and held intentionally and adversely for the requisite term, and in such open and notorious manner that the true owner may be reasonably presumed to have known and acquiesced in it.

 Cases cited and approved: Pullen *v.* Hopkins, 1 Lea, 744; Brock *v.* Burchett, 2 Swan, 31; Marr *v.* Gilliam, 1 Cold., 502; Gates *v.* Butler, 3 Hum., 447.

2. SAME. *Same. Case in judgment.*

 Complainants owned a 1,000-acre tract of land, within the boundaries of which was included a 40-acre tract owned by defendants under a confessedly superior title. Defendants undertook to build a house and make inclosures upon their 40-acre tract, but, in doing so, accidentally and unintentionally extended their inclosures over their line in two places, thereby including about one acre of the 1,000-acre tract outside the 40-acre tract. The house was built upon the line of the 40-acre tract, two-thirds being situated accidentally outside of it and on the 1,000-acre tract. The defendants occupied the house and kept up their inclosures for more than seven years, but not claiming or paying taxes on any part of the 1,000-acre tract outside the forty acres. Complainants claimed and paid taxes on the 1,000-acre tract for thirty years.

 *Held:* Defendants acquired no interest in the 1,000-acre tract outside their 40-acre tract, not even a defensive title.

---

FROM CHEATHAM.

---

Appeal from Chancery Court of Cheatham County. GEO. E. SEAY, Ch.

C. D. BERRY, JOHN E. & A. E. GARNER, and J. J. LENOX for Complainants.

R. S. TURNER, JOHN ALLISON, and L. T. COBBS for Defendants.

McALISTER, J.  This is an ejectment bill filed in the Chancery Court of Cheatham County, in which complainants seek to recover the possession of 1,000 acres of land.  The bill as originally filed was to prevent waste and to enjoin the defendants from cutting timber from said land.

The Chancellor decreed that the logs already cut came from the land of complainants, but were not cut from the land involved in this controversy. There was a decree in favor of the complainants for the value of the logs, but the Chancellor was of opinion that, in respect to the land claimed by these defendants, their title was perfected by the statute of limitations of seven and twenty years. Complainants appealed, and have assigned errors.

The proof shows that, on March 20, 1840, the State of Tennessee granted to G. W. C. Lovell a tract of 2,781 acres of land, lying in Davidson County.  That part of Davidson County is now included in Cheatham County.  It further appears that, on March 20, 1840, the said Lovell conveyed this granted land to Hugh and John Kirkman by deed, recorded in the Register's Office of Davidson County.  It further appears that, on July 16, 1838, the State granted to Nicholas Hale a tract of forty acres, lying in Davidson County.  On July

7, 1839, the State granted to the defendant, Jo Brown, a tract of 100 acres, and on December 17, 1859, another tract of 1,000 acres, lying in Cheatham County. The grant to Lovell of 2,781 acres embraces within its boundaries the tract of 40 acres granted to Nicholas Hale, the tract of 100 acres, and, substantially, the tract of 1,000 acres granted to Joseph Brown. It is conceded the last three tracts are within the boundaries of the larger tract.

The cardinal inquiry in this case is in respect to the title of the 1,000-acre tract embraced in the last grant. This grant was issued in 1859, but was not recorded until after the present suit was instituted. Defendants insist that their title to the land was perfected by the statute of limitations and their possession of the land for more than seven years under this unregistered grant, which constituted a color of title. It is claimed by defendants that their father built a residence, stables, etc., on the land, and that he and defendants occupied it and cultivated it for more than seven years prior to the filing of this bill.

Jo Brown, the ancestor of defendants, died in 1879, and defendants have lived in his house and cultivated a field partially within the 1,000-acre boundary ever since their father's death.

The contention of complainants is that the land occupied and cultivated by Jo Brown and his sons —who are the present defendants—was the 40-acre tract originally granted to Nicholas Hale and afterwards owned by Parthenia Brown. The latter

was the mother of Jo Brown, and the proof shows that his house was built with her permission on her 40-acre tract. The evidence of the surveyor, Williams, shows that the house built by Jo Brown in his life-time extended beyond the west line of the 40 acre tract, so that about one-third of the house was inside the 40-acre tract belonging to Mrs. Parthenia Brown, and about two-thirds of said house was over Mrs. Brown's line and on the 1,000-acre tract. It also appears that the field cultivated by Jo Brown and his heirs extended diagonally across the 40-acre tract, and one-quarter of an acre of said field, on the western boundary, was on the 1,000-acre tract. It further appears that about three-quarters of an acre of this field extended beyond the eastern boundary line of the 40-acre tract into the limits of the 1,000 acre tract.

We are of opinion, from an examination of this record, that the possession of Jo Brown and his heirs must be confined to the 40-acre tract; and the fact that his house extended over the west line of the 40-acre tract into the limits of the 1,000-acre tract was merely accidental, and not such an open, adverse, and notorious possession as to bring it within the statute of limitations. The same may be said of the possession of the field outside of the 40-acre tract. This field was always supposed to be entirely within the limits of the Nicholas Hale grant, and its extension one-quarter of an acre on one side, and three-quarters of an acre

on the other side, into the boundary of the 1,000-acre tract, was merely accidental.

The facts in this record show that Jo Brown intended to build his house on the 40-acre tract owned by his mother, and to cultivate the field as her tenant. Brown never claimed the 40-acre tract as his property, but always declared it belonged to his mother. He made this declaration when the assessor came to assess the land for taxation, and gave it in as the land of Parthenia Brown, to whom it was accordingly assessed. Brown paid no taxes during the time it is claimed he owned it, and exercised no acts of dominion over it, but, on the contrary, during all this time he disclaimed owning *any* land. It is, shown in proof that he made this statement to the census-taker who was taking the census for the United States Government in 1870. During all this time, the land in controversy was assessed to complainants, and they have paid the taxes on it from 1860 to the present time. It has already been seen that the grant under which complainants claim is older by many years than that of Jo Brown to the 1,000-acre tract, but the Chancellor held the defendant's title was perfected by an adverse possession of more than seven years. We are of opinion there was no adverse possession of this land in the sense of the statute. The accidental and unintentional inclosure of a small parcel of the land for seven years would not vest a valid title or constitute a possessory right in Jo Brown. If the possession

was accidental, and not by design, the statute does not apply. *Gates* v. *Butler*, 3 Hum., 447; 2 Swan, 31; 1 Cold., 502. The possession must be continuous, open, and notorious, for the reason that the law, in giving title by adverse possession, proceeds upon the ground that there has been an acquiescence on the part of the owner of the land. 1 Lea, 744.

The decree of the Chancellor is reversed, and a decree will be entered in favor of complainants for the possession of the land, with costs.