WILLIAMS *v.* HEWITT *et ux.*

(*Nashville.*   December Term, 1913.)

ADVERSE POSSESSION.   Adverse holding.   Inclosure by mistake.
Where a purchaser of land accidentally or by mistake incloses
a strip contiguous to his purchase, believing he is placing the
fence on the boundary, and holds the strip so·inclosed for seven
years, his possession is adverse, and will avail against the true
owner.   (*Post, pp.* 690, 691, 692.)

Cases cited and approved: Erck v. Church, 87 Tenn., 575; Kirk-
man v. Brown, 93 Tenn., 476; Brock v. Burchett, 32 Tenn., 27;
Gates v. Butler, 22 Tenn., 447; Coal Creek Mining Co. v. Ross,
80 Tenn., 1; McSpadden v. Iron Co., 42 S. W., 497; Coal Co.
v. Ferguson, 35 S. W., 900; Callaway v. Sandford, 35 S. W., 776;
Coal Co. v. Lawson, 35 S. W., 456.


FROM DAVIDSON.


Appeal from Chancery Court, Davidson County.—
JOHN ALLISON, Chancellor.

THOS. H. MALONE, for appellant.

E. J. SMITH, CHERRY & STEGER, and H. S. STOKES,
for appellees.

MR. JUSTICE LANSDEN delivered the opinion of the
Court.

This is ejectment, and the facts appear by stipula-
tion of counsel as follows:

128 Tenn. 44

The land in controversy is a narrow strip, fronting about two feet on the north margin of Broad street, and measuring about four feet on an alley in the rear, and running back 160 feet and six inches on the east side, and somewhat less distance on the west side.

P. L. Nichol owned the whole of lot No. 61, of which the land in controversy is a part. Nichol sold to Michael Halloran the eastern half of lot No. 61 in June, 1864. Halloran understood that he bought and paid for a fifty-foot lot, which was exactly one-half of original lot No. 61; but when he inclosed it by fence, by accident, he laid off his fence so as to include a frontage of about fifty-two feet on Broad street, and about fifty-four feet on the alley in the rear. He held the land as inclosed for more than twenty years before this bill was filed, under fence, with a residence on a portion of the lot; but he did not know that he had more than fifty feet under fence until the year 1910, and he never intended to claim more than fifty feet. The strip in controversy formed a part of Halloran's yard. In December, 1899, Halloran conveyed to his two daughters the eastern half of lot No. 61, fronting fifty feet on the north side of Broad street. They took possession of the tract as inclosed by Halloran, and held it until October, 1906. October 23, 1906, they conveyed to the defendants the eastern half of lot 61, fronting fifty feet on the north side of Broad street. Defendants took possession of the whole tract under fence, and have since occupied the said entire tract. After Nichol sold the eastern half of lot 61 to Halloran, he

sold the western half of said lot, fronting fifty feet on Broad street, to Mary G. McLean, in July, 1864. This western half has come down to the complainant by a regular chain of conveyances, and each deed describes it as fronting fifty feet on Broad street. After the complainant purchased the lot in October, 1910, a survey of the premises was made, and it was then discovered for the first time that defendants had under fence about fifty-two feet front as hereinbefore stated.

It is perceived that the question involved is whether the mistaken or accidental inclosure of the strip in controversy by Halloran, and the subsequent holding of the same by his privies in title for more than seven years, have formed a bar to the complainant's right of action. On the authority of *Erck* v. *Church*, 87 Tenn., 575, 11 S. W., 794, 4 L. R. A., 641, we must hold that the complainant's suit is barred. It is insisted, however, for the complainant, that *Erck* v. *Church* is in conflict with the great body of the law in this state on the question of accidental possession. *Kirkman* v. *Brown*, 93 Tenn., 476, 27 S. W., 709; *Brock* v. *Burchett*, 2 Swan, 27; *Gates* v. *Butler*, 3. Humph., 447; *Coal Creek Mining Co.*, v. *Ross*, 12 Lea, 1; *McSpadden* v. *Iron Co.*, 42 S. W., 497, opinion of Court of Chancery Appeals, April, 1897; *Coal Co.* v. *Ferguson*, 35 S. W., 900, opinion of Barton, Judge, Court of Chancery Appeals, October 5, 1895; *Calloway* v. *Sanford*, 35 S. W., 776, opinion by Barton, Judge, Court of Chancery Appeals, August 31, 1895; *Coal Co.* v. *Lawson*, 35 S. W., 456.

The foregoing cases constitute probably all of our decisions upon the question involved. They are all in the same class of authority with *Gates* v. *Butler,* supra. This latter case is distinguished in *Erck* v. *Church,* although the distinction between the case at bar and the case of *Kirkman* v. *Brown* is not entirely apparent. *Erck* v. *Church* has been recognized as a ruling case upon its facts since the date of its decision. We have found no subsequent case that has commented upon it, or has questioned the distinction there taken between an accidental possession held by actual inclosure, and an accidental possession of a part of a large tract, and a claim of actual possession of the entire boundary under color of title. The other cases cited, supra, than *Erck* v. *Church,* seem to consider an accidental possession as lacking in the element or adverseness.

Without questioning the authority of *Erck* v. *Church,* we desire to reaffirm the soundness of *Kirkman* v. *Brown* and the other cases cited, and which comprise the body of the law in this State upon the effect of accidental possession. *Erck* v. *Church,* is reaffirmed, and will be followed in cases similar in their facts, in so far as it holds that an actual inclosure of lands, although taken and held by accident or mistake, if maintained for a period of more than seven years, will bar an action of ejectment under the second section of the act of 1819.

The decree of the chancellor is affirmed.