Joe T. FOSTER, Appellee,

v.

Tillman HILL, Jr., Appellant.

Court of Appeals of Tennessee,
Western Section.

Dec. 4, 1973.

Certiorari Denied by Supreme Court
May 20, 1974.

———◆———

H. Morris Denton, Bolivar, for appellant.

Lloyd Tatum, Henderson, for appellee.

MATHERNE, Judge.

This lawsuit is an action of forcible entry and detainer wherein the plaintiff seeks to regain the possession of a strip of land fenced off by the defendant. The trial judge awarded the plaintiff possession, and the defendant appeals claiming this action as error.

By deed dated January 25, 1957, the defendant purchased a tract of land 210 feet by 210 feet located in the northeast corner of a 74 acre tract. On October 23, 1958, the plaintiff purchased the remainder of the 74 acre tract, and the calls in the plaintiff's deed very clearly exclude the 210 by 210 foot lot as previously purchased by the defendant.

The proof establishes the former owner of the entire 74 acre tract had fenced off an area in the northeast corner of his property for use as a truck patch. This fence was established to have been in existence since the year 1952. The defendant testified he and his grantor stepped off the 210 foot measurements; and he, the defendant, knew the 210 foot measurements would extend beyond the truck patch fence, but he did not know how far beyond the truck patch fence his lines would extend. The defendant stated he made no use of any land outside the old truck patch fence, until the year 1972, when he had his 210 by 210 foot lot surveyed. The survey established the defendant's 210 by 210 foot lot extended about 22 feet west of the old truck patch fence, and about 36 feet south of the old truck patch fence. The defendant proceeded to construct a fence along the survey line, and the plaintiff brought this lawsuit to recover possession of the land lying between the old truck patch fence and the new fence. The defendant admits the plaintiff used the property up to the old truck patch fence, and he did so without any permission from the defendant.

The proof establishes that when the plaintiff purchased the remainder of the 74 acre tract there were old fences along the south, east and west sides of the tract. The north boundary was formed by State Highway 64. There was an offset in the northeast corner formed by the old truck patch fence, and there was an offset in the northwest corner which delineated a small acreage owned by a person named Snipes. The proof establishes that since October, 1958, the plaintiff has held open, notorious, continuous and exclusive possession of the land embraced within these fences, and up to the fences at all points. According to the record no person has challenged the plaintiff's possession up to the truck patch fence. The plaintiff testified he thought the road on the north and the fences on the west, east and south sides of his farm

constituted his boundaries, and he so possessed his farm from 1958 until the defendant built the fence in 1972, or for a period of about 14 years.

The plaintiff claims his adverse possession of the disputed strip of land for more than seven years is a defense to the attempted possession of that land by any other party, including the holder of the legal title. T.C.A. § 28–203. The defendant argues the plaintiff's possession was not adverse, but rather by mistake; and, the plaintiff cannot affirmatively rely upon T.C.A. § 28–203 because that statute may be asserted defensively only. The conflicting positions require an examination of the purpose, extent and object of a suit of forcible entry and detainer as brought by the plaintiff.

■ The action of forcible entry and detainer as authorized by T.C.A. § 23–1601 et seq., is designed to determine the right of possession to land to which the parties have conflicting claims. Title to the property is not inquired into, and the only questions are: (1) was the plaintiff in possession? and (2) did he lose possession by the defendant's act of forcible entry and detainer? Davidson v. Phillips (1836) 17 Tenn. 93.

■ Actual violence is not necessary to constitute a forcible entry and detainer. If the actual possession of the plaintiff be invaded and held under circumstances that indicate it will not be surrendered without a breach of the peace by one party or the other, it is sufficient entry and detainer to justify the writ. Childress v. Black (1836) 17 Tenn. 317; Turner v. Lumbrick (1838) 19 Tenn. 7.

Under the facts of the present lawsuit the plaintiff had possession of the disputed strip of land lying immediately west and south of the old truck patch fence. The plaintiff did not have title to that strip of land. When the defendant erected the fence along the lines of his 210 by 210 foot lot, he did thereby deprive the plaintiff of this possession. The plaintiff could not sue for the disputed strip because he had not title thereto. The only way the plaintiff could assert his right to possession without a breach of the peace was to obtain a writ of forcible entry and detainer wherein the plaintiff sets up his more than seven years adverse possession as recognized by T.C.A. § 28–203 as a defense to the forcible entry made by the defendant.

■■ That defense to a forcible entry is allowable because T.C.A. § 28–203 does not vest title in an adverse holder, but rather it sets up a defense when another party seeks to dispossess the adverse holder. Savely v. Bridges (1967) 57 Tenn.App. 372, 418 S.W.2d 472.

■ In Liberto v. Steele (1949) 188 Tenn. 529, 221 S.W.2d 701, the Court held it to be a rule of property that when a purchaser of land accidentally or by mistake encloses a contiguous strip, believing he is placing the fence on the boundary line, and holds the enclosed strip for seven years, his possession is adverse, and will avail against the true owner, citing: Erck v. Church (1889) 87 Tenn. 575, 11 S.W. 794; Williams v. Hewitt (1913) 128 Tenn. 689, 164 S.W. 1198.

■ In the *Liberto* case, as in *Erck* and *Williams* therein cited, the claimant or his predecessors in title erected the fence and claimed the enclosed area, even though mistaken as to the actual boundary. In the case at bar neither the plaintiff adverse possessor nor his predecessor erected the old truck patch fence for the purpose of claiming the property up to that fence. The plaintiff's predecessor who owned the land on both sides of the fence obviously erected the fence for the purpose of keeping his livestock out of his truck patch. Fences clearly delineated boundaries around a parcel in the northeast corner and a parcel in the northwest corner; fences also enclosed the remainder of the east and west sides as well as the south side of the land purchased by the plaintiff.

The evidence preponderates that the plaintiff took actual possession of all the land marked off by these fences, and he thereby took possession of the strip of land in question. It appears the actual adverse possession of the area mistakenly enclosed is the crux of the holding in *Liberto*, and we hold the rule announced in that case applicable in the present lawsuit, even though neither the plaintiff adverse holder nor his predecessor in title built the truck patch fence for the purpose of marking a line between adjoining properties.

■ The defendant cannot, under the facts, rely upon the rule that when an owner possesses a part of a tract which entire tract is defined by definite boundary calls, that owner is considered to be in possession of the entire tract. That argument would have supported an action by the defendant against the plaintiff prior to the seven years adverse possession in the plaintiff. Once the seven years adverse possession in another is permitted, that adverse possessor gains a defense to any attempt to dispossess him, even as against the owner of the legal title. T.C.A. § 28–203.

It results the judgment of the trial court is affirmed. The cost of this appeal is adjudged against the defendant-appellant.

CARNEY, P. J., and NEARN, J., concur.