# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 25, 2009

## JO TAYLOR, ET AL. v. WENDELL HARRIS, ET AL. AND
## JO TAYLOR, ET AL. v. LOUIE R. LADD, ET AL.

### Appeal from the Chancery Court for Grundy County
### No. 4818 & 4932    Jeffrey F. Stewart, Chancellor

### No. M2009-00134-COA-R3-CV - Filed October 8, 2009

In this ejectment action, the plaintiffs appeal the trial court's finding that they did not prove title to the property at issue by adverse possession in accordance with Tenn. Code Ann. § 28-2-105 and that they failed to show the boundaries of the property they claimed. Plaintiffs also contend that they were entitled to the presumption of ownership set forth at Tenn. Code Ann. § 28-2-109. Finding no basis to reverse the judgment of the trial court, we affirm same.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

William G. Womack, Nashville, Tennessee, for the appellants, Jo Taylor, Kay Womack, Robert Womack, Sheila Womack, and William G. Womack.

Jerre M. Hood, Winchester, Tennessee, for the appellee, James Norwood.

Jerry Bible, Jasper, Tennessee, for the appellees, Deborah K. Ladd, Louie R. Ladd and Wendell Harris.

### OPINION

Plaintiffs, Jo Taylor, Kay Womack, Robert Womack, William Womack and Shelia Womack (the "Womacks"), originated this action seeking to quiet title to land in Grundy County, Tennessee. The Womacks claimed title to two tracts of land totaling 110 acres[1] through deed from their father and by adverse possession pursuant to Tenn. Code Ann. § 28-2-105; they also assert that they are entitled to the benefit of Tenn. Code Ann. § 28-2-109. In addition to the 110 acre tract, William

---

[1] The trial court ultimately found this tract to be 103.61 acres.

Womack claimed title to an adjacent tract of land[2] by virtue of an original grant of land in 1826 from the State of Tennessee to John Smith and under Tenn. Code Ann. §§ 28-2-105, 109 and 101. The Womacks alleged that the Defendants Louie R. Ladd and wife, Deborah K. Ladd ("the Ladds") and James Norwood and wife, Katherine Norwood (the "Norwoods"),[3] who claimed title to the disputed property by deed from Grundy County, allowed timber to be cut and removed and otherwise damaged the Womacks' property. The Ladds and the Norwoods answered, denying that the Womacks had title to the property as alleged and asserting their rights to the property in question.

By separate action, the Womacks sued Wendell Harris for trespass and for removing timber from the property. Pursuant to their motion, the trial court entered a temporary injunction enjoining Mr. Harris from removing timber from the property. Mr. Harris filed a countercomplaint, seeking, *inter alia,* to recover damages for the Womacks' alleged interference with his contractual rights to remove timber from the property. Mr. Harris also filed a third party complaint against the Ladds and the Norwoods, alleging that he had entered into a contract with those parties to cut timber on the property and seeking that "the title and right of possession of said property be determined to be that of Third Party Defendants and that the Defendant/Counter-Plaintiff be allowed to return to the property and complete his Contract as stated within said Contract."

The two cases were consolidated for trial. The court appointed Kurt Johnson, a surveyor, as expert, and charged him with the responsibility of surveying the property. Mr. Johnson prepared and filed a survey, which included the following notes:

1. According to Mr. Wendell Harris, Tracts 1 [103.61 acres], 2 [37.84 acres][4] and 3 [18.02 acres] were conveyed to Louie R. And Deborah K. Ladd, and James and Katherine Norwood as recorded in DB 114, pg. 702.
2. According to Mr. William Womack, Tract 1 was conveyed to Jo Taylor, Kay Womack, Bruce Womack, William G. Womack and Sheila Womack as recorded in DB 81, pg. 68.
3. According to Mr. William G. Womack, Tract 3 was conveyed to him as recorded in DB 104, pg 97.
4. Due to the discrepancies, vagueness and conflicts of the existing deeds, this surveyor makes no assurances, what-so-ever, as to the ownership of the tracts shown on this plat.
. . .

---

[2] The trial court ultimately found this to be 18.02 acres.

[3] Katherine Norwood died during the pendency of this action.

[4] The Womacks subsequently disclaimed any interest in the 37.84 acre tract.

The court thereafter appointed Attorney J. Harvey Cameron, as special master pursuant to Rule 53, Tenn. R. Civ. P., "to hear proof and render his findings to the Court."[5] Mr. Cameron received position statements from the parties and, characterizing the actions as brought in ejectment, rendered his report on March 22, 2004, finding, *inter alia,* that the 18.02 acre tract belonged to William Womack since the two deeds relied upon by the Ladds and Norwoods (encompassing 70 acres and 40 acres) did not encompass the 18.02 acres and that the Womacks had failed to perfect their title to the 103.61 acres;[6] the Master made no determination as to the ownership of the 103.61 acre tract, finding that "ownership of the property cannot be definitively determined due to inadequacy of the descriptions contained in the respective deeds of the parties." After the expiration of the time to file objections to the Master's report, the Ladds and the Norwoods filed a motion seeking to have the court act on the report.

The Womacks subsequently filed their objections to the Master's report, to which objections the Ladds and the Norwoods responded.[7] Following a period of delay, the court held a hearing on August 24, 2006, on the Womacks' objections and entered an order on January 9, 2007, holding, with reference to the two tracts of land at issue, the following:

> . . .

> 5. The Court, after careful analysis, determined that the Plaintiffs could not show derivation of title back to or from an original land grant from the State of Tennessee or from the State of North Carolina. There is no proof of a common source of title. That the elements of an ejectment suit had not been established by the Plaintiffs. The Court further found that the Plaintiffs had not established a claim by adverse possession under which color of title could vest in the Plaintiffs under ejectment. The Court further finds that there is no evidence in the record that the Plaintiffs have established a legitimate claim by a description sufficient to provide a survey on the Plaintiffs' claimed property as per Plaintiffs' deeds. Plaintiffs have failed to establish a claim by survey or otherwise to tract 1 and 2 of the survey of Kurt Johnson. Plaintiffs have failed to carry their burden of proof with regard to the ejectment action that is before the Court. Therefore Plaintiffs' claim to the 103.61

---

[5] The Court had previously ordered the parties to attempt a mediation of the issues of the case, with Mr. Cameron as mediator.

[6] The Master noted the "very difficult burden" the Womacks had to perfect their title and held that they failed in the following particulars:

> 1. The failure to continually pay taxes for a period of twenty (20) years prior to date of filing the Complaint as required by T.C.A. § 28-2-110.
> 2. The Deed of Faas to Womack was not subject to recordation, there being no acknowledgment on the subject Deed.
> 3. The description of the Plaintiffs' properties cannot be definitively located by valid survey which was ordered by this Honorable Court.

[7] The late filing of the Womacks' objections was allowed due to William Womack's health problems.

acre tract referred to as Tract No. 1 of the 159.47 boundary survey prepared for Jeffrey F. Stewart, Chancellor, by Kurt Miller Johnson, Johnson & Associates, Registered Land Surveyors, 816 David Crockett Highway, Winchester, Tennessee 37398, prepared February 21, 2001, shall fail and the possessory claim of Defendants shall remain with the Defendants, James Norwood and wife, Katherine Norwood and Louie R. Ladd and wife, Deborah K. Ladd.

6. The Court further found that there was evidence in the record that the Plaintiffs have a legitimate claim to the 18.02 acre tract referred to as Tract No. 3, therefore the Plaintiffs prevail as to Tract No. 3 of the 159.47 acre boundary survey prepared for Jeffrey F. Stewart, Chancellor, by Kurt Miller Johnson, Johnson & Associates, Registered Land Surveyors, 816 David Crockett Highway, Winchester, Tennessee 37398, prepared February 21, 2001.

7. Plaintiffs' claim to Tract 1 and 2 of the survey of Kurt Johnson shall be dismissed and Plaintiffs' claim to Tract 3 of said survey is sustained and title to Tract 3 is vested in Plaintiffs.

. . .

After the August 24, 2006, hearing but prior to the entry of the court's order relative thereto, the Womacks filed a motion to reconsider; they renewed the motion, adding a ground for relief under Rule 60.02, Tenn. R. Civ. P., on January 4, 2008. A hearing on the motion, as renewed, was held on September 29, 2008, with the court denying same by order entered December 4, 2008. The Womacks appeal to this court.

## Discussion

The Womacks present the issues for review as follows:

1. The first issue for review is whether or not plaintiffs can claim the disputed property by adverse possession.
2. The second issue is whether plaintiffs have been able to locate the boundaries of the disputed property.
3. The third issue is whether or not plaintiffs have at all appropriate times paid the real property taxes on the disputed area.

The Ladds, Mr. Norwood and Mr. Harris present the following as "affirmative defense issues presented for review":

1. Whether the trial court erred in permitting the Plaintiffs' late filed objections to the ruling of the Special Master, J. Harvey Cameron.
2. Whether it is fatal to a review of Plaintiffs' appeal to properly prepare and submit for this Court's review a transcript of the trial court's hearing in September, 2005. At this hearing vital testimony was given by different witnesses in support of

the findings of both Special Masters, the Surveyor Kurt Johnson and Attorney J. Harvey Cameron.

3. Whether this Honorable Court should strike portions of the Plaintiffs' Brief with inadmissible references to certain deposition exhibits as well as letters that should not have been part of the record.

Our review of the findings of fact of a trial court sitting without a jury is *de novo*, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *see Walker v. Saturn Corp.*, 986 S.W.2d 204, 207 (Tenn. 1998). Review of questions of law is *de novo* with no presumption of correctness. *See State v. Levandowski*, 955 S.W.2d 603, 604 (Tenn. 1997).

## A. Adverse Possession

No party complains that this action proceeded as an action in ejectment and we find, under the pleadings, facts and law, that same was proper. An action of ejectment lies where the purported owner of property seeks immediate possession thereof. *See* Tenn. Code Ann. § 29-15-102. In their complaint in the action against the Ladds and the Norwoods, the Womacks sought, *inter alia,* that "it be adjudged and finally determined that the Plaintiffs are the lawful owners and vested with absolute and unencumbered title in fee simple to the property described in Paragraphs 3 and 4 of this Complaint" and "that the sole and complete right of possession of the property described in Paragraphs 3 and 4 of this Complaint be awarded to Plaintiffs and they retain the right to possession thereof." Similarly, in their complaint against Mr. Harris, the Womacks sought to permanently enjoin him "from trespassing onto the said tracts of land, from cutting timber thereon, from causing injury to the said property with his logging equipment and from removing any of the logs remaining on the property that were cut by him."

The elements of an ejectment action are (1) that plaintiff has title to the land; (2) that plaintiff has been wrongfully dispossessed or ousted; and (3) that plaintiff has suffered damages. Black's Law Dictionary (8th ed. 2004); *see also Johnson v. City of Mt. Pleasant*, 713 S.W.2d 659, 661 (Tenn. Ct. App. 1985) ("[T]he complainant in an ejectment action must show that he has both legal title and a right to immediate possession."). Title may be established either by deraigning title to the state or a common source under which both parties claim, by seven years adverse possession under a registered color of title or by 20 years actual adverse possession. *Johnson,* 713 S.W.2d at 661; *see also Harris v. Buchignani*, 285 S.W.2d 108 (Tenn. 1955).

The trial court determined that there was no proof of the property deraigning from the state or from a common source; consequently, it was the Womacks' burden to show their title to the 103.61 acres by adverse possession. In its ruling, the court found as follows:

And the proof that I found in the record was that there was no possession of the property in the seven years preceding filing of this lawsuit. In fact, there was no evidence of possession that I could find of an adverse nature that occurred since the

abandonment by Mr. Foos [sic] back in the 1920s or possibly the early '30s and that no one had actually been on this property. There was some testimony given by Mr. Womack, perhaps some other members of his family, that they were on there, that his father who took title in the 1940s and recorded in the 1950s had cut some timber on the property, but there was no continuous possession of this mountain side tract for the requisite period of time.

So I find that essentially there is insufficient possession of the property to qualify for the protection under adverse possession under assurance of title.[8]

To establish title by adverse possession, the use or possession of the property must be continuous, exclusive, hostile, open and notorious. Black's Law Dictionary (8th ed. 2004); *Brooks v. Johnson,* 2008 WL 2925327 (Tenn. Ct. App. 2008) (no Tenn. R. App. P. 11 application filed). This is a question of fact, with the burden of proof on the person claiming ownership by adverse possession and the quality of the evidence must be "clear and convincing." *Brooks*, 2008 WL 2925327, at *7. "The actual owner must either have knowledge of the adverse possession or the possession must be so open and notorious to imply a presumption of that fact." *Id.* (*citing Kirkman v. Brown,* 93 Tenn. 476, 27 S.W. 709, 710 (Tenn. 1894)). In support of their contention that the trial court erred in finding that they did not establish adverse possession, the Womacks reference the ownership of the property by Carl Faas from 1923 to 1944, when he conveyed it to Junius Womack, father of the Womacks. They cite testimony, noted by the trial court, that their father cut timber in the 1950s and 1960s until he conveyed it to his children in 1976.

The record in this case does not include a transcript or a statement of the evidence from the evidentiary hearing held September 8 and 9, 2005.[9] In the absence of same, we presume that the evidence supported the trial court's findings. *Vineyard v. Betty,* 2002 WL 772870 (Tenn. Ct. App. 2002).[10] Consequently, we affirm the trial court's finding that the Womacks have not proven title to the property by adverse possession.

Our holding that the Womacks failed to prove title to the property by adverse possession pretermits our consideration of the second issue raised by them.

---

[8] The court went on to find that, even if the Womacks had proven adverse possession, they could not establish their boundaries.

[9] This hearing is referenced in the transcript of the court's ruling on August 24, 2006.

[10] We have not considered the depositions of Kay Womack, Robert B. Womack and William G. Womack which are part of the record on appeal, since there is no indication that the trial court relied upon any testimony in the depositions in making its ruling or that the depositions constituted proof in the case. Indeed, the cover pages of the depositions reflect that they were filed with the trial court on February 25, 2009, after the order appealed from was entered.

## B. Payment of Taxes

The Womacks contended in their complaint that they were entitled to the benefit of Tenn. Code Ann. § 28-2-109.[11] In their brief on appeal, however, they state the following:

> The remaining issue concerns whether or not the plaintiffs have paid at all appropriate times the property taxes on the land in question. Tax receipts have been located for payments for most needed years. However, we have never been able to find receipts that would show payment for more than twenty (20) years continuously without a gap as required by T.C.A. 28-2-109.
>
> After diligently searching for the wanted receipts without finding all of those that were needed, the plaintiff and attorney, William G. Womack, filed an Affidavit stating that all such necessary real property taxes had always been paid.
>
> The Grundy County trustee could not provide copies of receipts from Court House records because the building had been set on fire a few years ago destroying all trustee records as well as most other county records. The State Library and Archives Building in Nashville had some needed evidence of tax payments, but Grundy County only submitted them on a sporadic basis, therefore, all necessary evidence of payments could not be found there. The Chancery court has never ruled on the tax situation.

Inasmuch as it was the Womack's burden to show their entitlement to the presumption of ownership set forth in the statute, their acknowledgment that they did not provide receipts for the tax payments supports the dismissal of their claim.[12] In addition, having no transcript or statement of

---

[11] Tenn. Code Ann. § 28-2-109 provides as follows:

> Any person holding any real estate or land of any kind, or any legal or equitable interest therein, who has paid, or who and those through whom such person claims have paid, the state and county taxes on the same for more than twenty (20) years continuously prior to the date when any question arises in any of the courts of this state concerning the same, or who has had or who and those through whom such person claims have had, such person's deed, conveyance, grant or other assurance of title recorded in the register's office of the county in which the land lies, for such period of more than twenty (20) years, shall be presumed prima facie to be the legal owner of such land.

[12] The affidavit referenced by the Womacks was filed on August 20, 2001, several years prior to the hearing in this case, and states only that "he [William Womack] and/or the other plaintiffs have at all times required, paid the real property taxes on all the property owned by them." Not only is the affidavit insufficient on its face to prove that the Womacks paid the taxes, in light of the court's finding that the Womacks did not prove title to the property, it is irrelevant.

the evidence, we assume that the evidence supports the trial court's determination that the Womacks were not entitled to the presumption of ownership.[13]

### Conclusion

To the extent not addressed heretofore, the issues presented for review by the Ladds, Mr. Norwodd and Mr. Harris are pretermitted.

The judgment of the trial court is affirmed.

Costs are assessed to Jo Taylor, Kay Womack, Robert B. Womack, William G. Womack and Sheila Womack, jointly and severally.

_____
RICHARD H. DINKINS, JUDGE

---

[13] At most, the statute would have allowed only a presumption of ownership and, as such, was subject to rebuttal.