Simmons *v.* Bailey.

---

SIMMONS *v.* BAILEY.

*(Jackson.* June 25, 1900.)

1. ASSIGNMENT OF ERROR. *Insufficient, when.*

An assignment of error is too general and indefinite, and is bad, which merely avers that the allegations of the bill are not sufficient to entitle complainant to relief, without specifying any defects in the bill. (*Post, pp. 155, 156.*)

2. VENDOR AND VENDEE. *Defense to enforcement of vendor's lien ineffectual, when.*

A vendee, in undisturbed possession of land, under a general warranty deed made by a vendor whose solvency is not impeached, cannot successfully defend a bill that seeks to enforce the vendor's lien, by sale of the land, for the purchase price, by interposing a cross bill, averring, in general terms and without any specification whatever, that the vendor's title was defective, that he made false representations in effecting the sale, and that he had failed to furnish a perfect abstract of the title, as stipulated. (*Post, pp. 153–156.*)

Cases cited: Clark *v.* Carlton, 4 Lea, 458; Fort *v.* Orndorf, 7 Heis., 169; Jones *v.* Fulghum, 3 Tenn. Ch., 200.

3. SAME. *Burden on vendee to show defects in title, when.*

A vendee, in possession of land, under a deed with covenants of warranty made by a vendor whose solvency is not impeached, must, if he seeks to avoid his contract on account of defective title, not only aver the specific defects relied on, but the burden is upon him to prove their existence. The rule is otherwise in cases of executory contracts. (*Post, pp. 156–158.*)

Cases cited: Topp *v.* White, 12 Heis., 180; Boyer *v.* Porter, 1 Tenn., 258; Mullins *v.* Aiken, 2 Heis.. 535; Cunningham *v.* Sharp, 11 Hum., 116; Senter *v.* Hill, 5 Sneed, 505; Ingram *v.*

Simmons *v.* Bai˜ey.

Morgan, 4 Hum., 66; Young *v.* Butler, 1 Head, 640; Land Co. *v.* Hill, 87 Tenn., 598.

---

FROM FAYETTE.

---

Appeal from Chancery Court of Fayette County. JOHN S. COOPER, Ch.

H. C. MOORMAN for Simmons.

M. C. KETCHUM for Bailey.

WILKES, J. The original bill in this case was filed to enforce a vendor's lien for unpaid purchase money.

There was an answer filed as a cross bill, in which the defendant set up a defect of title and failure to deliver a perfect abstract, as was stipulated for in the contract, and fraudulent representations as to title. There was a demurrer to the cross bill upon the ground that it failed to point out wherein the title was defective, or in what the false representations consisted, or wherein the abstract was defective. This demurrer to the cross bill was sustained, and it was dismissed. Under the original bill the lien was declared, the amount of the debt was ascertained, and the land was ordered to be sold to satisfy the balance of the purchase money.

The defendant to the original bill, being the complainant in the cross bill, has appealed and assigned as error the dismissal of the cross bill and refusal to grant relief thereunder. The cross bill alleges that the land was purchased, a cash payment was made, and notes executed for the balance; that a warranty deed was executed to the purchaser, and that he was in possession of the premises. It does not allege that the complainant vendor is insolvent, or that there has been any eviction or any action to disturb the defendants' possession. It does allege that when the contract was made the vendor represented that the title to the land was perfect, and agreed to furnish a full, complete and perfect abstract; that he delayed furnishing the abstract until just before the suit was brought; that defendant, on receiving it, immediately submitted the same to counsel and was advised that the chain was incomplete, and the title was not perfect; that he at once notified complainant of these facts, but he had made no effort to remedy the defect, and defendant thereupon returned the abstract to complainant and rejected the same. The cross bill also charges that complainant knew his title was defective when he made the contract, and thereby perpetrated a fraud upon the defendant. The cross bill alleges in a general way, and incidentally rather than specifically and directly, that the title is not good, but there is no specification of

any defect, and no statement of how or in what manner the title is defective or the abstract is incomplete.

The demurrer is, in substance, that the cross bill shows the defendant in possession under a general warranty deed, and without any allegation that his title or possession has been disturbed or questioned, or that the complainant is insolvent, and wholly fails to designate or charge in what respect the title is defective.

The errors assigned are that the cross bill alleges fraudulent misrepresentations as to title; that there are material defects in the title; that a complete and perfect abstract has never been delivered, and it is further assigned as error that a decree was rendered against defendant, Harriet A. Bailey, ordering the land sold, when the allegations in the bill were not sufficient to entitle the complainant to such relief. The last assignment is too indefinite, inasmuch as it does not allege in what respect the allegations of the bill were not sufficient, and the brief filed with the assignment does not make the statement any more specific. It does not appear that any personal decree was taken or sought against Mrs. Bailey, who is a married woman, but the amount of unpaid purchase money was declared and fixed, and a sale was ordered to satisfy the same, and unless some defense appears from the matters set up in the cross bill, we see no reason why the

decree rendered for the sale of the land was not authorized under the pleading.

The charge in the cross bill is made in the most general terms that the title is not good, without averring in what respect it is not perfect, and it does not aver that there is any adverse claim or outstanding title, or incumbrance or cloud upon the title, or that complainant is insolvent, but it shows defendant in undisturbed possession under a general warranty deed. The averment is not even specific that there is a defect in title, but simply that counsel has given an opinion that the chain is not complete.

"A mere averment that there are defects of title, without stating facts from which the Court can see that defects do exist, is, of course, mere sound, signifying nothing." *Clark* v. *Carlton,* 4 Lea, 458; *Fort* v. *Orndorf,* 7 Heis., 169; *Jones* v. *Fulghum,* 3 Tenn. Ch., 200.

It is said that when there is a defense of want of perfect title, the burden of proof is on the vendor to show his title perfect, and not upon the vendee to point cut the defects. This, we take it, is a correct rule in cases of executory contracts. For instance, when a bond to make title has been given, and the vendee defends upon the ground that the title offered is not perfect. The rule in such case is laid down in *Topp* v. *White,* 12 Heis., 180, as follows:

"The vendor's muniments of title are supposed

to be in his own possession, and he should exhibit them when called upon; the purchaser cannot be expected to hunt up the links of title from the public records. The vendor, by his contract to convey, represents himself as having title, and he must show this to be so; he holds the affirmative of the issue. The rule must apply when a rescission or specific execution is sought." To the same effect, see *Boyer* v. *Porter,* 1 Tenn., 258; *Mullins* v. *Aiken,* 2 Heis., 535; *Cunningham* v. *Sharp,* 11 Hum., 116. But a different rule prevails when the contract has been executed and the purchaser is in unquestioned possession under a deed with covenants of warranty from a vendor who is not alleged to be insolvent. *Topp* v. *White,* 12 Heis., 175; *Senter* v. *Hill,* 5 Sneed, 505; *Ingram* v. *Morgan,* 4 Hum., 66; *Young* v. *Butler,* 1 Head, 640; *Land Co.* v. *Hill et al.,* 3 Pick., 598.

In cases of executory contracts, the bill becomes essentially, on the part of the defendant, an effort to enforce specific performance of an agreement to make a perfect title or to rescind the contract, if the vendor is unable or fails to make such title. In such case, the authorities hold that it is not essential for the vendee to point out the defects in the title offered by the vendor, but it is incumbent on the vendor to tender a perfect title, and the onus is upon him to show it to be so; and the purchaser will not be required

to complete the contract and accept the title unless it is shown to be perfect.

We do not, under the facts of this case, consider this as an executory, but as an executed contract, and there should be some allegations of some specific defect of title made in the cross bill, or some specific charge of fraudulent misrepresentation, in order to give relief. We think the demurrer is broad enough to reach the failure to make a specific charge of fraudulent representation, though it might have been more pointed, direct, and definite on this feature of the case. There is no reversible error in the decree of the Court below, and it is affirmed. The appellee will pay costs of appeal, and the cause is remanded for further proceedings.