BERTHA *v.* SMITH *et al.*

(*Knoxville,* September Term, 1937.)

Opinion filed Nov. 27, 1937.

J. W. STONE, of Harriman, for complainant.

D. O. HARRIS, of Harriman, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The chancellor dismissed this ejectment suit when it was made to appear that (1) the complainant had acquired his "title" or "claim" to the land sued for since the passage of chapter 43 of the Acts of 1919; and that (2) at the time of the bringing of the suit there were unpaid taxes assessed against these lands.

The decree below is challenged on the ground (1) that the title or claim of complainant was acquired prior to the passage of this act; and (2) that the act is arbitrary class legislation within the prohibition of our Constitution, article 1, section 8, and article 11, section 8.

The record shows that a mortgage of these lands was made to complainant in 1914, and that this mortgage was

foreclosed by court proceedings begun prior to 1919; the lands being purchased at court sale by complainant in 1922.

The Act of 1919, as brought into the Code as sections 9158 and 9159, reads as follows:

"9158. No action for or about land, unless the taxes have been paid for a period of seven years, when.—No suit shall be brought or maintained in any court, either at law or in equity, to recover the title to any land, or to stay waste, or quiet title, until all unpaid taxes assessed against any land, or to the owner or claimant, proposing to bring such suit, or assessed to his predecessor in title, together with all legal interests, penalties, and costs, shall have been paid for a period of seven years, immediately next before the bringing of such suit. (1919, chapter 43, section 1).

"9159. Applicable only to those acquiring title to land after law becomes effective.—The preceding section shall only apply to those acquiring title to lands, or claims to lands, by deed, or otherwise, after 1919. (Ib., sec. 2.)"

The argument is that complainant not only acquired a "claim" to the land in 1914, but that the legal title then became vested in him by the execution and delivery of the mortgage.

This mortgage was executed November 14, 1914, by one Lewis Horwitz, the then owner of the land, and duly registered on November 22, 1914, and is a conveyance to complainant Edward M. Bertha, his heirs and assigns, of all right, title, and interest of the grantor in the described lands, to have and to hold forever. It recites an indebtedness of $2500, evidenced by note due one year after date, with interest, and provides that if this

debt is paid according to its terms, with all other charges, etc., incurred by the holder, the conveyance will become null and void.

It appears that the condition was not complied with, but that default took place before 1919, and a court foreclosure followed, as above mentioned.

It will be observed that by its express terms the Act of 1919 applies alone to those "acquiring title to lands, or claims to lands, by deed or otherwise, after 1919." Clearly, complainant acquired both a claim and the legal title to this land long before 1919.

Upon execution and delivery of such a mortgage as this, the legal title to the land passes at once to the mortgagee, and he is entitled to the immediate possession, unless the instrument contains a provision to the contrary. *Briter Hill Collieries* v. *Gernt,* 131 Tenn., 542, 552, 553, 175 S. W., 560; *Lincoln Sav. Bank* v. *Ewing,* 80 Tenn. (12 Lea), 598, 600; *Carter* v. *Taylor,* 40 Tenn. (3 Head), 30, 33.

The Act of 1919 (Code, sections 9158 and 9159) invoked and applied by the chancellor in this cause, seems not to have been before this court for construction. It provides a drastic penalty for failure to pay taxes, and its application should not be extended to include those not within its plain intendment. It is not only limited to those acquiring their property rights after its passage, but its designation is expressed in broad terms so as to exclude those who acquired either title or claims, by deed or otherwise, before 1919.

Complainant acquired the legal title to these lands in 1914, as has been seen, with the right of immediate possession, even before default, according to the terms of the mortgage. Does the fact that the instrument was

a mortgage take it out of the descriptive terms of the statute? As a mortgagee, complainant acquired both a title and a claim; if not "by deed," then clearly "otherwise."

In a note in 67 Am. St. Rep., page 728, the annotator says: "A mortgagee may maintain ejectment as well before as after default, unless there is an express provision that the mortgagor should retain possession until default in payment, since by the execution of the mortgage the entire legal estate passes to the mortgagee. This is the view taken by the Common Law Courts of England and which has obtained, with certain limitations, in most of the States of the Union in which the common law system prevails." *Barrett* v. *Hinkley,* 124 Ill., 32, 14 N. E., 863, 7 Am. St. Rep., 331. The opinion cited contains a full and able review of the question.

And in note 38 to section 11, page 1036 of 19 C. J., it is said that "Ejectment may be maintained by the holder of the legal title to land as security for a debt"; citing *Marshall* v. *Carter,* 143 Ga., 526, 85 S. E., 691, and other cases.

There appear to be cases to the contrary, but we think it will be found that most of these turn on differentiating facts, or are affected by statutes in jurisdictions not following common-law rules.

We see no reason for excluding the complainant, because a mortgagee, from the broad classification made by the statute of those who acquired titles, or claims before the passage of the act.

In view of our conclusion on this issue, it becomes unnecessary to discuss or decide the question made by the second assignment of the constitutionality of the act. On the grounds indicated, the decree is reversed, and the cause remanded for disposition on the merits.