# HOWELL v. TOMLINSON et al.—228 S. W. (2d) 112.

Middle Section.   October 28, 1949.

Petition for Certiorari denied by Supreme Court, March 17, 1950.

(1)

J. E. Tubb, of Waverly, for appellants.

W. C. Howell, of Dover, and Luther Creasy, of Gallatin, for appellee.

FELTS, J. Complainant, as executor of Mrs. Martha V. Thomas, deceased, brought this suit to recover on certain notes which W. H. Tomlinson had given Mrs. Thomas for the purchase of two tracts of land, one of 52½ acres and another of 70 acres, in Houston County; and to enforce a vendor's lien on the land.

The land formerly belonged to J. H. Lomax, deceased; and his widow and heirs at law were also made defend-

ants to the suit. These heirs were his two children, Clifton Lomax, a nonresident, and Edna Lomax Tomlinson, wife of the defendant W. H. Tomlinson. The widow, Cora Lomax, died intestate and the suit proceeded against the others.

These two tracts adjoin and in 1920 were owned in fee simple by J. H. Lomax and occupied by him and his wife. On June 18, 1920, he and his wife mortgaged these two tracts to Mrs. Martha V. Thomas to secure a note to her in the sum of $1,080, for money she loaned him. This note was for twelve months and became due June 18, 1921. The mortgage was in the usual form of a trust deed, conveying the fee simple estate to Mrs. Thomas, as trustee, and containing the power of sale in case of default.

J. H. Lomax and wife continued to live on this land but paid nothing on the mortgage. It was about to run out of date, they were old, unable to pay anything, and were about to lose the land. So Lomax undertook to get his son-in-law W. H. Tomlinson to take over the place and assume the mortgage. He got Tomlinson and Mrs. Thomas to agree to this, and he carried through the negotiations which resulted in Tomlinson giving her the notes.

There were ten of these notes, each for $100 dated March 24, 1931, and payable to Mrs. Thomas, the first due on January 1, 1932, and one on each January thereafter, the last one being due January, 1941. Tomlinson and his wife moved onto the place and lived there with J. H. Lomax and wife for some three years, but they paid nothing on the notes except $50.

Mrs. Thomas was an old lady, past 80, and was the mother-in-law of complainant, W. C. Howell, who is Dis-

trict Attorney General of the Ninth Judicial Circuit. She died in 1934, leaving a will making him her executor. He tried a number of times to get Tomlinson to pay the notes or make some settlement in the matter. But Tomlinson paid nothing and withheld his deed from the record. Shortly after the death of J. H. Lomax, in 1941 or 1942, complainant negotiated an agreement with Tomlinson to deed the land to Clifton Lomax for $400 to be paid in satisfaction of the notes. Tomlinson and his wife signed such a deed, but the transaction was never consummated. This deed and the ten notes were destroyed by a fire which burned complainant's office.

The original bill was filed March 29, 1943. It set forth the above matters and averred that in March 1931 the parties had entered into an arrangement by which J. H. Lomax and wife Cora Lomax had agreed for their son-in-law W. H. Tomlinson to take over the land and assume the mortgage debt; that this agreement had been carried out and J. H. Lomax and wife had deeded the land to Tomlinson and Tomlinson had given Mrs. Thomas the ten notes above described; but that nothing had been paid thereon.

The defendants filed an answer pleading the statutes of limitations of six and of ten years, Williams Code, Sections 8600, 8601, in bar of the $1,080 mortgage debt. They also denied that J. H. Lomax and wife had conveyed the land to Tomlinson, as stated in the bill. They averred that Mrs. Thomas herself had made the deed to Tomlinson; that she had no title, conveyed none to him, and there was no consideration for the ten notes he had given her. He also pleaded the statutes of limitation of six and of ten years against these notes.

6

Complainant filed an amended and supplemental bill correcting his statement that J. H. Lomax and wife had made the deed of the land to Tomlinson, and averring that Mrs. Thomas had made it and that J. H. Lomax and Tomlinson had agreed that the land be conveyed to Tomlinson and that he give Mrs. Thomas the ten notes therefor retaining a vendor's lien.

The defendants, W. H. Tomlinson, his wife Edna Lomax Tomlinson, and Clifton Lomax, demurred to the amended and supplemental bill, Mrs. Lomax having died in the meantime. The grounds of their demurrer were that the $1,080 mortgage was barred by the statutes of six and of ten years, that there was no consideration for the ten notes given by Tomlinson to Mrs. Thomas, and that certain of these notes were barred by the statutes of six and of ten years.

The Chancellor sustained the demurrer in part. He held that the $1,080 mortgage debt was barred by the statute of six years and its lien by the statute of ten years, that Tomlinson was not personally liable on the first six of these ten notes because they were barred by the statute of limitations of six years, that the vendor's lien securing the first two of these notes was barred by the ten year statute. The Chancellor overruled the demurrer in all other respects.

Thereafter complainant was allowed to further amend his pleadings so as to aver that in May, 1930, the original $1,080 mortgage had been foreclosed and there had been a foreclosure sale, and Mrs. Thomas had purchased the property for $1,000. But there was no deed made conveying the property to her.

Defendants by amended answer denied that there had been any foreclosure sale. They averred that since there

was no written memorandum conveying the land to Mrs. Thomas, the alleged foreclosure sale was void under the statute of frauds. Williams' Code, Section 7831 et seq. They further pleaded the statute of limitations of ten years, Code, Sec. 8601, against any effort of complainant to perfect title by the foreclosure proceeding. Also by amendment to their answer Edna Lomax Tomlinson and Clifton Lomax pleaded adverse possession under the statutes of limitation of seven years, Williams Code, Section 8582.

Both sides took a number of depositions, the cause was finally heard, and the Chancellor filed his opinion containing his findings of fact and conclusions of law. He held Tomlinson liable on the last four notes and declared a lien on the land for the amount of the last eight notes. The amount allowed against Tomlinson personally was $600.80 and the amount for which the lien was sustained was $1,201.65. The decree ordered that if the latter sum were not paid the land should be sold on a credit in bar of the right of redemption.

Tomlinson and his wife appealed on the oath and have assigned a number of errors. We think it will not be necessary to discuss each of them in detail. What we say will cover the material questions raised by all of them.

The first matter urged by appellants is that complainant did not make out his title or right to sue on these notes. It is said that he failed to file a copy of the will of Mrs. Thomas and a copy of the papers showing his qualification as executor, and that the only reference to these matters was brought out in the oral evidence.

It is true appellants could have called for such copies as the best evidence, but there was no objection to

8

the oral proof upon these matters. Complainant and his witness Daugherty both testified about the will, and complainant testified that he had qualified as executor, had a right to sue on the notes, and they had come into his possession as such executor, and had been destroyed by fire. We think that this was sufficient proof of the complainant's right to sue and that appellants waived the matter by their failure to object and to require the best evidence.

Appellants' main reliance is failure of consideration. It is insisted that Mrs. Thomas had no title to the land and could convey none by her deed to Tomlinson; that the mortgage gave her merely a lien on the land to secure her debt; that upon the lapse of ten years from the maturity of the debt this lien expired or became barred, leaving the title in J. H. Lomax, which on his death passed to his heirs, Mrs. Tomlinson and her brother Clifton Lomax; and that Tomlinson's notes were void for failure of consideration.

██ The general rule is that when a vendee takes possession under a deed—an executed contract—his remedy for a defective title, in the absence of fraud or insolvency of the vendor, is not rescission, but an action upon the covenants in his deed. Cross v. Buskirk-Rutledge Lumber Co., 139 Tenn. 79, 87, 201 S. W. 141, Ann. Cas. 1918D, 983. But if Tomlinson could rely upon failure of consideration, this was an affirmative defense which he had the burden of proving. Simmons v. Bailey, 105 Tenn. 152, 58 S. W. 277; Gibson's Suits in Chancery, (3d) Ed., Sec. 470 (2).

██ We think he failed to carry this burden, failed to prove failure of consideration, failed to prove he got no title under Mrs. Thomas' deed to him. The proof shows

that by this deed he got all the title and estate which had been conveyed to her by the mortgage that J. H. Lomax and wife had made to her; that J. H. Lomax was willing to release his equity of redemption, said he could not pay the mortgage, brought about this transaction, and proposed that he and Mrs. Lomax should join in the deed to Tomlinson; that the only reason they did not do this was that either General Howell or Mr. Daugherty, the draftsman of Mrs. Thomas' deed to Tomlinson, or both of them, were laboring under the mistake that there had been a valid foreclosure sale and deed to Mrs. Thomas.

The argument for appellants overlooks the nature of a mortgage. At common law a mortgage, like the one before us, was a conveyance of the title and estate. It was an estate upon condition subsequent. If the condition was not performed—if the debt was not paid on the day it fell due—the estate became absolute. But from the moment of the making of the mortgage the mortgagee was vested with the legal title and the immediate right to possession. He might convey the land by deed, or devise it by will, and on his death intestate it descended to his heirs.

Equity began to interfere, to recognize the mortgagor's "equity of redemption," his right to pay the debt after default and get back the estate. Then it gradually built up the equitable theory, which regards the debt as the principal fact and the mortgage merely as collateral, and treats the mortgagor as the owner of the equitable title and estate and the mortgagee merely as holding a lien for the security of his debt. Constrasting the common-law theory and the equitable theory, Mr. Pomeroy says: ". . . In law, the mortgagee may convey the land itself by deed, or devise it by will, and on

his death intestate, it will descend to his heirs.' In equity, his interest is a mere thing in action assignable as such, and a deed of the land by him would operate merely as an assignment of the mortgage; and in administering the estate of a deceased mortgagee, a court of equity treats the mortgage as personal assets, to be dealt with by the executor or administrator.'' 4 Pomeroy's Eq. Jur., 5th Ed., Sec. 1182, p. 526.

▆ The law of Tennessee has kept much of the common-law theory of mortgages. While it follows the equitable theory in many important particulars, it still adheres to the basic common-law notion that a mortgage vests the mortgagee with the legal title to the land and the right to immediate possession. This matter is discussed in many cases.

Some of the leadng cases are: Henshaw v. Wells, 28 Tenn. 568, 581; Carter v. Taylor, 40 Tenn. 30; Lincoln Savings Bank v. Ewing, 80 Tenn. 598, 599, 608; Brier Hill Colliers v. Gernt, 131 Tenn. 542, 552-553, 175 S. W. 560; Lieberman, Loveman & Cohn v. Knight, 153 Tenn. 268, 283 S. W. 450; Lingerfelt v. Gibson, 161 Tenn. 477, 32 S. W. (2d) 1047; Bertha v. Smith et al., 172 Tenn. 180, 183, 110 S. W. (2d) 474.

▆ In states like Tennessee which follow the ''title theory,'' and not the ''lien theory,'' it is generally held that a deed by the mortgagee conveys his title and estate in the land, subject to the mortgagor's equity of redemption; and a warranty deed by a mortgagee who has purchased under an invalid foreclosure operates not only as a conveyance of the legal title but also as an assignment of the mortgage debt, if no contrary intent be expressed. Welsh v. Phillips, 54 Ala. 309, 25 Am. Rep. 679; Brobst v. Brock, 10 Wall. 519, 77 U. S. 519, 19 L. Ed. 1002; Sad-

ler et al. v. Jefferson et al., 143 Ala. 669, 39 So. 380; 2 Washburn on Real Property, 6th Ed., Secs. 1050-1052; 2 Jones on Mortgages, 8th Ed., Sec. 1022, pp. 415-420; 41 C. J., Mortgages, Sec. 689, pp. 675-676; 59 C. J. S., Mortgages, Sec. 358, p. 508.

So we think Mrs. Thomas' deed to Tomlinson operated not only as a conveyance of the legal title to him but also as an assignment of the mortgage debt to him, Mrs. Thomas being a purchaser of the land at an invalid foreclosure sale.

The Chancellor found that she had purchased the property at an invalid foreclosure sale; that it had been advertised for sale, bid in for her, but through inadvertence, forgetfulness, or because of the negotiations by Lomax, no deed was made conveying the property to her. Without detailing the proof, we think it supports the Chancellor's finding.

Mrs. Thomas' deed to Tomlinson, operating both as a conveyance of the legal title and as an assignment of the mortgage debt, vested him with the entire estate and the whole interest in the land, subject to any right of redemption that may have remained in the mortgagor, J. H. Lomax.

The Chancellor found and held that the conduct of J. H. Lomax had been such as to estop him to assert any equity of redemption in the land. The proof amply supports this finding. Lomax had no means of paying the mortgage or redeeming the land. He wished to save it for himself, his wife, and children, and he actively carried on the negotiation which resulted in Mrs. Thomas making the deed to Tomlinson and in Tomlinson giving her the notes.

We agree with the Chancellor that the conduct of Lomax was such as to estop him from setting up the equity of redemption. We think the case for an estoppel here is even stronger than some of the cases which have held that the party's conduct estopped him to assert a right to redeem the land: Fay v. Valentine, 12 Pick. 40, 29 Mass. 40, 22 Am. Dec. 397; Woods v. M'Gavock, 18 Tenn. 133, 136; Fowler v. Tankersley, Tenn. App., 222 S. W. (2d) 395, and cases there cited; see also Melton v. Anderson, Tenn. App., 222 S. W. (2d) 666.

In the two latter cases there is a thorough discussion by Presiding Judge Anderson of the doctrine of estoppel in connection with the statute of frauds. We could not add anything to what is there said. These authorities amply support our conclusion.

■ The general rule is that an estoppel against a party extends to his heirs and privies in estate. So the estoppel against J. H. Lomax, if living, applies with equal force against his heirs, Mrs. Tomlinson and Clifton Lomax. Melton v. Anderson, supra. Since the only parties who might have claimed an equity of redemption were estopped to do so, we think Mrs. Thomas' deed conveyed to Tomlinson a good and indefeasible title to the land.

But, without regard to any question of estoppel, we think there was no failure of consideration. Mrs. Thomas' deed to Tomlinson passed to him not only all her interest in the land but also the mortgage debt. This was certainly a valuable and sufficient consideration for his notes.

It is argued that Mrs. Tomlinson and Clifton Lomax, by themselves and their father, held the land adversely for more than seven years so as to bar any title Tomlin-

son acquired under Mrs. Thomas' deed to him. We find no proof to support this claim. The proof shows that J. H. Lomax made no claim to the land but acquiesced in the transaction, and told Tomlinson: "As long as Cora and me live, it will be all right just like the deed Mr. Howell gave you."

Some other matters are urged by appellants. We do not think they require discussion. Upon full consideration we find no merit in any of them.

All of the assignments of error are overruled, the decree of the Chancellor is affirmed, and the cause will be remanded for enforcement of the decree. The costs of the appeal are adjudged against appellants.

Howell and Hickerson, JJ., concur.