285 S.W.2d 108 (1955)
Martha HARRIS et al.
v.
J.R. BUCHIGNANI et al.
Supreme Court of Tennessee.
October 7, 1955.
On Rehearing December 9, 1955.
*109 T.B. Passmore, Memphis, for plaintiffs in error.
Livingston, Vineyard & Sherman and John D. Walt, Memphis, for defendants in error.
BURNETT, Justice.
This is an ejectment suit. The suit was originally instituted by Buchignani, and Robinson, Bailey and McDaniel. The declaration as originally filed contained two counts, the first count Robinson, Bailey and McDaniel sought to eject the Harris' alleging that the property which was described was theirs and they had acquired it by a certain mentioned deed. In the second count Buchignani alleged that the property was his and that he had acquired it under a certain deed. After certain pleas, demurrers, etc., had been filed along with answers and stipulations, Robinson, Bailey and McDaniel took a nonsuit. The trial judge then, without the intervention of a jury, heard the case on the record as made up which was the declaration, answers, demurrers, pleas and stipulation. He found that Buchignani was the owner of the property in fee simple and that he was entitled to possession thereof and thus gave judgment in his favor. It is from this judgment that the present appeal comes. The matter has been submitted to us on brief. After fully considering these briefs, along with the record as well as authorities we have examined, we have the matter for determination.
The land in this controversy is five and a fraction acres on Airways Boulevard near the city of Memphis. For the past twenty-five years this small tract of land has certainly seen its fill, so we think, of litigation. The Court of Appeals has published an opinion styled Robinson v. Harris, 37 Tenn.App. 105, 260 S.W.2d 404, wherein much of the legal history involving this small tract of land is set forth. The ultimate result of this Court of Appeals opinion is that the deed to Robinson, Bailey and McDaniel from Buchignani and Moore was champertous. This defense of champerty was properly made and upheld by the Court of Appeals in the opinion above referred to. The only effect of this opinion is to hold that, for the reasons expressed in the opinion, that the deed from Buchignani and others to Robinson and others was champertous. When Robinson, Bailey and McDaniel take a nonsuit in the present suit then any question with reference to the deed to them is taken out of the present suit.
The right of Robinson, Bailey and McDaniel to take a nonsuit is questioned *110 by the plaintiffs in error and is one of the errors assigned. The right of taking a nonsuit in litigation of this character is ordinarily absolute and will not be interfered with on appeal. We find nothing in this record to show that the trial judge was in error in allowing the nonsuit as to these three parties and consequently any error assigned on this question is overruled. There is no counterclaim or anything else, that affected the rights of these parties filed in this cause. The only thing being certain pleas and therefore unquestionably the Court was right in allowing them, that is, Robinson, Bailey and McDaniel to dismiss their action. Darby v. Pidgeon Thomas Iron Co., 144 Tenn. 298, 232 S.W. 75.
To the original declaration as mentioned the Harris', plaintiffs in error here and defendants below, demurred on grounds of misjoinder of parties, res judicata as to Robinson, Bailey and McDaniel, and by reason of the fact that one of the Harris' was not a record owner of the property. This demurrer was overruled in toto after which a motion was filed to require the plaintiffs to file more specific pleadings which motion was denied. After this was done the defendants, plaintiffs in error here, filed an answer and innumerable pleas raising again the question of res judicata, adverse possession, statute of limitations, laches, certain records and demanding that plaintiffs amplify their declaration setting out all records and muniments of title which they claim. After all of these pleas were filed by the defendants the plaintiffs made a motion to strike certain of these pleas as being purely of an equitable nature and not permissible in the law cause. The defendants then petitioned to have the case transferred to the Chancery Court which petition was denied and is assigned as error. The trial judge also sustained a motion of the plaintiffs to strike the equitable pleas of the defendant. The defendants then amended their answer and entered into a stipulation and waived the jury. Subsequent to this the trial judge reopened the case for the purpose of reconsidering his action in overruling the demurrers of defendants and it was at this time that Robinson, Bailey and McDaniel took a voluntary dismissal of the suit in which they were parties plaintiff.
The stipulation shows that on November 21, 1925, Handy Simms and wife were the owners of certain real estate a part of which was the real estate in question. On this date Simms and wife executed the contract of sale to Martha Harris and her husband but this was not recorded. On June 4, 1926 Handy Simms and wife executed a deed of trust on this acreage to the Union Planters Bank & Trust Company as trustee to secure the payment of an indebtedness. This trust deed was duly recorded. On December 4, 1928, Simms and wife executed a warranty deed to Martha Harris which deed was filed of record shortly after its execution but it did not mention or take into consideration the previous deed of trust executed to the trust company. On June 29, 1929, the trust company foreclosed its trust deed and executed to S.W. Moore and J.R. Buchignani, defendant in error here, the trustee's deed for this property. This trustee's deed was duly recorded in the register's office.
Other history in reference to litigation is covered in the reported opinion of the Court of Appeals in Robinson v. Harris, supra. On February 12, 1931, Moore executed a quitclaim deed conveying his interest in the subject property to Buchignani, the defendant in error. This deed was duly recorded. By reading the opinion of Robinson v. Harris, above and by the stipulation herein it is seen that Martha Harris, the plaintiff in error, was in possession and living on this property from 1925 on up until the present litigation was started. During 17 years of that time she was protected by an injunction enjoining Buchignani and others, from taking any action to dispossess her or eject her from the property. Martha Harris died during the present litigation and revival was had. Consequently, of course, during this period of time the statute of limitations did not run. After these suits were dismissed it is shown in the reported opinion of the Court of Appeals, above referred to, the present litigation was commenced well within the period of the running of the statute. Therefore *111 the plea of the adverse possession must be overruled.
We think first that it should be noticed that this is an ejectment suit which is strictly a legal remedy and one of which the Circuit Court had jurisdiction to hear. The Chancery Court is likewise given concurrent jurisdiction in such matters. See Williams Annotated Code, Section 9118; Langford v. Love, 35 Tenn. 308.
It is complained here that the Circuit Judge should have transferred this cause to the Chancery Court where it should have been heard under certain equitable pleas and defenses which had been made. The Circuit Courts should not transfer a case to the Chancery Court where that court has concurrent jurisdiction. The authorization of transfer applies only to suits of purely an equitable nature and the tribunal which first takes jurisdiction should retain jurisdiction when it has the power to dispose of the matter. Morgan v. Layne, 165 Tenn. 513, 56 S.W.2d 161.
This kind of a suit, that is, an ejectment suit, is properly brought against the occupants of the land or any of the persons or people claiming an interest therein. Williams' Code, Section 9120.
In an ejectment suit the declaration may contain several counts and several parties obviously may be named jointly as plaintiffs or defendants with proper counts as to these separate parties. See Williams' Annotated Code, Section 9125; Wilson v. Nance, 30 Tenn. 189; Lenoir v. Mining Co., 88 Tenn. 168, 14 S.W. 378.
In this kind of a suit the plaintiff must show legal title and the right to immediate possession. Brier Hill Collieries v. Gernt, 131 Tenn. 542, 175 S.W. 560. Equitable pleas in a legal action of the kind here in question (ejectment purely a law action), the only question being one of the legal title and the right of possession in connection with this property, are not a proper defense. Langford v. Love, supra; Hubbard v. Godfrey, 100 Tenn. 150, 47 S.W. 81; Bouldin v. Taylor, 152 Tenn. 97, 275 S.W. 340. In the proof to establish title in ejectment by the one claiming the property it is necessary that they deraign title to a common source under which both parties claim, or by deraignment from the State, or by requisite possession under color of title. Clay v. Sloan, 104 Tenn. 401, 58 S.W. 229; Moss v. Union Bank, 66 Tenn. 216; Campbell v. Tennessee Coal, Iron & R. Co., 150 Tenn. 423, 265 S.W. 674.
The plea of res judicata is not effective as to Buchignani the present defendant in error. The plea is filed only as to Robinson, Bailey and others who voluntarily dismissed their action. Buchignani was not a party to the litigation as is shown by the Court of Appeals opinion, Robinson v. Harris, supra.
In this State the mortgage on the property in question or trust deed as we denominate it vests the title to the land described in the trust deed in the trustee and when there is a default under the terms of this trust and this is foreclosed, the deed of the trustee to the purchaser under this foreclosure gets good title thereto and such a deed is a proper link in its chain of title. Howell v. Tomlinson, 33 Tenn.App. 1, 228 S.W.2d 112; Bertha v. Smith, 172 Tenn. 180, 110 S.W.2d 474. Of course the trustee's deed from the trust company to Buchignani which was recorded was notice to Harris as well as all the world and it takes effect at the time of its registration. Williams' Code, Section 7666. It is also pertinent to say here that the instrument first registered shall have preference over the other instrument even though it be of earlier date but which is registered afterwards. See Code, Section 7667. This applies to the conveyance from Simms to Harris which was recorded after the deed from Simms to the trust company under which Buchignani claims title.
We have tried to answer all the questions raised by the pleading and on this appeal. We feel that the trial court was correct in *112 his disposition of the case. For the reasons above expressed the judgment below must be affirmed and the appeal dismissed.

OPINION ON PETITION TO REHEAR
We have been presented with a petition to rehear which is as follows:
"That Court erred in not considering and rendering opinion upon Assignment No. 6 which is evidenced by Brief lled apellants as the one and only assignment relied upon for removal and dismissal of the cause, the only authorities cited being facts and law on this assignment.
"It will be seen that this Honorable Court gave specific consideration to all other assignments but made none to this determinative issue in the cause."
There is no new authority cited, no argument made, and what we have quoted is in substance all that there is on this petition to rehear. Clearly under our rules such a petition is not sufficient. We have though gone to the record and find that Assignment No. 6 in the original assignment of errors is as follows:
"The Court erred in finding that plaintiff, J.R. Buchignani, held title to the property set out in the pleadings, upon the stipulation theretofore filed, upon the pleadings of the defendants' and upon the whole record in the cause, and by its decree declaring the plaintiff, J.R. Buchignani, to be the lawful owner of said property with right of possession thereof, disregarding the plea of adverse possession and the further plea that the title of Buchignani was champertous upon the Stipulation of Fact before the Court and the briefs of law submitted to the Court, upon the law and facts of the case and in not dismissing the cause of J.R. Buchignani, upon the pleadings filed on behalf of the defendants, upon the Stipulation of Facts, and upon the whole record of the cause then completed and in the bosom of the Court under advisement. R. 8, 22, 27."
We have again, in view of what is said above, re-read the opinion which was handed down herein. Upon reading this opinion it is clear to us that it answers the above assignment. This assignment embodies either by word or inference all of the questions ruled on in the original opinion. The answer to these various questions, as we have set them out in this opinion, is the answer to this assignment and constitutes the heart and gist of the entire lawsuit.
We do not deem it necessary to write anything further on the matter. We feel that under the authorities as we see them and the record as presented to us that the correct disposition has been made of the case. It results that the petition to rehear will be overruled at the cost of the plaintiffs in error.